ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ÁNGEL F. COLÓN VEGA, su esposa ROSALÍA VELÁZQUEZ OCASIO y la SOCIEDAD LEGAL DE GANANCIALES que ambos componen; PEDRO LUIS COLÓN VEGA<br><br>Apelantes<br><br>v.<br><br>ÁNGEL ANTONIO MEDINA COLÓN, su esposa MATILDE ROSARIO ALICEA y la SOCIEDAD LEGAL DE GANANCIALES que ambos componen<br><br>Apelados | KLAN202300849 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br><br>Caso Núm.: MZ2022CV01192<br><br><br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Comparece el señor Ángel F. Colón Vega (en adelante, señor Ángel Colón), su esposa, la señora Rosalía Velázquez Ocasio (en adelante, señora Velázquez Ocasio) y la Sociedad Legal de Gananciales (en adelante, SLG) que ambos componen, y el señor Pedro Luis Colón Vega (en adelante, señor Pedro Colón y en conjunto, parte apelante) para solicitarnos la revisión de la *Sentencia* emitida el 19 de julio de 2023, notificada el 20 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, TPI).[1] Mediante el dictamen apelado, el foro primario declaró Ha Lugar una moción de desestimación y en consecuencia, al amparo de la Regla 10.2(5) de las Reglas de

---

[1] Apéndice de la parte apelante, a las págs. 1-7.

Número Identificador

SEN2024_____

Procedimiento Civil,[2] desestimó la *Demanda* presentada en este caso.[3]

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I**

El 5 de agosto de 2022, la parte apelante presentó una *Demanda* sobre incumplimiento de contrato y daños y perjuicios contra el señor Ángel Antonio Medina Colón (en adelante, señor Medina Colón), su esposa Matilde Rosario Alicea (en adelante, señora Rosario Alicea) y la SLG compuesta por ambos (en conjunto, parte apelada).[4] Se adujo que se llegó a un acuerdo verbal con la parte apelada consistente en que la parte apelante adquiriría de Monte Carlo Development dos (2) predios de terreno, de los cuales segregarían un espacio de 816.335 metros cuadrados para el señor Ángel Colón y la señora Velázquez Ocasio. La parte apelante alegó que la parte apelada se le adelantó en el proceso de compra de los solares; y, que, sin previo aviso, perfeccionó la compraventa y otorgaron la correspondiente Escritura el 15 de marzo de 1997.[5] Presuntamente, conforme al acuerdo verbal, la parte apelante construyó una verja dividiendo la colindancia de los 816.335 metros cuadrados, colocó un "trailer camp" para que una de sus hijas residiese allí, y la parte apelada no se quejó. De igual forma, se desprende que construyó un pozo séptico y un baño de madera.

La parte apelante solicitó al foro primario el cumplimiento específico del acuerdo verbal celebrado entre las partes y la indemnización por daños y perjuicios por la cantidad de $15,000.00 dólares.[6] Además, solicitaron que el foro primario dictaminara que: (i) la parte apelada tiene el pleno dominio de la propiedad de 816.335

---

[2] 32 LPRA Ap. V, R. 10.2 (5).
[3] Apéndice 1 de la parte apelante, a la pág. 7.
[4] Apéndice 5 de la parte apelante, a las págs. 16-19.
[5] Apéndice 4 de la parte apelante, a las págs. 39-47.
[6] Apéndice 1 de la parte apelante, a la pág. 3.

metros cuadrados según descrito en la *Demanda*; (ii) se dictara una orden a la parte apelada para que cumpla la obligación de entrega del predio de 816.335 metros cuadrados que le impuso el acuerdo verbal existente entre las partes; (iii) se condenara a la parte apelada al pago de los daños ocasionados a la parte apelante y que aún le estaba causando, por la suma de $15,000.00 dólares o la cantidad que se hubiese acumulado al momento de dictar sentencia; y, (iv) condenara a la parte apelada al pago de las costas, gastos y honorarios de abogado.[7]

El 25 de enero de 2023, la parte apelada presentó escrito intitulado *Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil Vigentes [sic]*.[8] A tenor con lo anterior, solicitó al foro primario que desestimara la *Demanda* de autos. En síntesis, la parte apelada planteó que, aun si se tomara como cierta la alegación sobre el acuerdo verbal, la Escritura de Compraventa se otorgó el 15 de marzo de 1997, por lo que la acción estaba prescrita tras haber transcurrido en exceso del término de quince (15) años dispuesto por ley sin haber sido interrumpido.[9] Además, expusieron que el día que se otorgó la Escritura Núm. 8 de Compraventa la parte apelante estuvo presente.

En respuesta, la parte apelante presentó *Moción en Oposición a Desestimación Presentada por la Parte Demandada*.[10] La parte apelante opuso que, la acción no estaba prescrita puesto a que se había enterado de la existencia de la Escritura un año antes de la presentación de la *Demanda*.[11] En virtud de lo expuesto, solicitó al tribunal *a quo* que declarara no ha lugar la moción de desestimación presentada por la parte apelada y ordenara la continuación de los procedimientos, mediante la contestación a la demanda.

---

[7] Apéndice 4 de la parte apelante, a las págs. 18-19.
[8] Apéndice 6 de la parte apelante, a las págs. 22-29.
[9] *Id.,* a las págs. 27-28.
[10] Apéndice 7 de la parte apelante, a las págs. 30-34.
[11] *Id.,* a la pág. 32.

De ahí, mediante *Orden*,[12] el foro primario señaló una vista argumentativa a celebrarse de manera virtual. En la referida *Orden*, instruyó a las partes a que previo a la vista debían reunirse para organizar y presentar la prueba que pretendían utilizar en la misma. En cumplimiento, el 10 de julio de 2023, las partes presentaron una *Moción en Cumplimiento de Orden sobre Vista Argumentativa* a la cual le unieron la prueba documental que pretendían utilizar en la vista, así como el detalle sobre los testimonios que presentarían.[13]

El 14 de julio de 2023, se celebró la correspondiente vista evidenciaria.[14] Conforme se desprende de la *Minuta* de la vista,[15] la prueba testifical de la parte apelante consistió en el testimonio del señor Pedro Colón, mientras que, por la parte apelada, consistió en el testimonio del señor Medina Colón. De la TPO se desprende que el propósito de la vista era que las partes argumentaran sobre la moción de desestimación y su correspondiente oposición, y para establecer si hubo o no un acuerdo verbal. El único documento presentado y estipulado por las partes fue la Escritura Núm. 8 de Compraventa del 15 de marzo de 1997. Desfilada la prueba, el caso quedó sometido.

De ahí, el 19 de julio de 2023, notificada el 20 de julio de 2023, el foro primario emitió la *Sentencia* apelada.[16] Mediante su *Sentencia*, la primera instancia judicial declaró Con Lugar la solicitud de desestimación presentada por la parte apelada y desestimó la *Demanda* de autos, al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil.[17] Producto de la vista celebrada, el foro primario emitió siete (7) determinaciones de hechos

---

[12] Apéndice 8 de la parte apelante, a la pág. 35.
[13] *Id.,* a las págs. 36-37.
[14] Apéndice 15 de la parte apelante, a la pág. 130.
[15] *Id.*
[16] Apéndice 1 de la parte apelante, a las págs. 1-7.
[17] 32 LPRA Ap. V, R. 10.2 (5).

probados,[18] así como que, incluyó sus conclusiones de derecho.[19]

Para un cabal entendimiento, las determinaciones de hecho emitidas por el TPI fueron las siguientes:

1. En el año 1997, el demandado Ángel Antonio Medina Colón acordó con el Sr. Federico Carlo Aymat y el ingeniero Bryan King la compra de dos solares ubicados en Cabo Rojo.

2. El 15 de marzo de 1997, en Cabo Rojo, Puerto Rico, se otorgó la escritura número 8 sobre Compraventa ante el Notario Público Osvaldo Ortiz Medina. Comparecieron como parte vendedora Monte Carlo Development Corporation y como parte compradora el Sr. Ángel Antonio Medina Colón y su esposa, la Sra. Matilde Rosario Alicea.

3. En virtud de la escritura número 8, descrita en el hecho anterior, los demandados adquirieron dos solares ubicados en el Barrio Boquerón de Cabo Rojo, Puerto Rico. Los referidos solares, identificados como parcela A y parcela B, tienen una cabida de 1,408.167 m/c y 1,408.168 m/c, respectivamente, para un total de 2,816.33 m/c, siendo estos segregados de una finca de mayor cabida.

4. El precio de venta de la parcela A fue de $15,000 dólares y el de la parcela B fue $10,000 dólares para un total de $25,000 dólares los cuales pagó la parte demandada con dinero de su propio peculio.

5. El demandante Pedro Luis Colón Vega no formó parte de la compraventa de los solares, así como tampoco aportó cantidad de dinero alguna a la parte demandada para la compra de estos.

6. El demandante Pedro Luis Colón Vega no materializó ningún acuerdo verbal con el demandado Ángel Antonio Medina Colón en relación con la compra de los solares.

7. El demandante Pedro Luis Colón Vega testificó que el acuerdo sobre segregación del solar 816.335 m.c. a ser segregado no se realizó con los demandados.[20]

En la *Sentencia* apelada, el tribunal *a quo* concluyó lo siguiente:

Como quedó claramente demostrado por los testimonios ofrecidos, el acuerdo verbal cuyo incumplimiento reclama la parte demandante en su demanda no fue perfeccionado con la parte demandada. Con su propio testimonio, el demandante Pedro Luis Colón Vega reveló que su acuerdo verbal fue con el

---

[18] Apéndice 1 de la parte apelante, a las págs. 3-4.
[19] *Id.,* a las págs. 4-5.
[20] *Id.,* a las págs. 3-4.

entonces dueño de los solares, Federico Carlo, y con el ingeniero Bryan King. Dicha declaración, de hecho, sostiene lo declarado por el demandado Ángel A. Medina Colón, quien firmemente negó haber llegado a ningún acuerdo con el demandante en cuanto a la compra de los solares.

Como dicta el derecho aplicable, un acuerdo verbal es válido si se prueba que se llevó a cabo por las partes concernidas, en este caso el demandante Pedro Luis Colón Vega y el demandado Ángel Antonio Medina Colón, cosa que aquí no ocurrió. Por lo que, ante la inexistencia del alegado acuerdo verbal entre las partes, no nos resta más que concluir que la causa de acción aquí presentada no justifica la concesión de un remedio a favor de la parte demandante.[21]

Inconforme, el 31 de julio de 2023, la parte apelante presentó una *Moción sobre Enmiendas o Determinaciones Iniciales o Adicionales (Regla 43) Procedimiento Civil.*[22] Tal y como reza el título, la parte apelante solicitó al tribunal *a quo*, que se enmendaran o se incluyeran determinaciones de hecho adicionales a la *Sentencia* apelada. En virtud de lo anterior, suplicaron que se reconsiderara el dictamen emitido al amparo de la Regla 47 de las Reglas de Procedimiento Civil.[23] En respuesta, mediante *Resolución* emitida el 21 de agosto de 2023, y notificada el 24 de agosto de 2023, el foro primario declaró la misma No Ha Lugar.[24]

En desacuerdo, el 22 de septiembre de 2023, la parte apelante presentó un recurso de *Apelación* mediante el cual esgrimieron la comisión de los siguientes tres (3) errores por el foro primario:

A. Erró el tribunal inferior al declarar Con Lugar la solicitud de desestimación del demandado y declarar que la demanda se encontraba prescrita y no consideró la posición del demandante de la fecha en que se enteraron de los hechos relacionados a la demanda.

B. Erró el Tribunal inferior al declarar Sin lugar la Solicitud de determinaciones de hechos adicionales y la reconsideración de la sentencia.

C. El tribunal erró al hacer la determinación de la moción solicitando hechos adicionales, ya que, esta

---

[21] *Id.,* a la pág. 7.
[22] Apéndice 2 de la parte apelante, a las págs. 8-13 y Apéndice 9 de la parte apelante, a las págs. 113-118. 32 LPRA Ap. V, R. 43.
[23] 32 LPRA Ap. V, R. 47.
[24] Apéndice 3 de la parte apelante, a la pág. 14 y Apéndice 4 de la parte apelante, a la pág. 15.

solicitud estuvo bien fundamentada en la prueba desfilada en la vista celebrada para dilucidar este asunto, según se desprende de la transcripción de la correspondiente vista.

El 2 de octubre de 2023, la parte apelante presentó escrito informando que contaba con la transcripción de la prueba oral (en adelante, TPO). Por tanto, mediante *Resolución* del 5 de octubre de 2023, se le ordenó notificar la misma a la parte apelada y de ahí, 30 días para presentar la TPO debidamente estipulada con la parte apelada. Así las cosas, mediante *Resolución* del 8 de noviembre de 2023, se concedió a la parte apelada hasta el 16 de noviembre de 2023, para informar si estipulaba la prueba oral y que decursado el término sin que se cumpliera con lo ordenado, la parte apelante debía presentar la TPO, la cual se acogería como estipulada. Luego, el 27 de noviembre de 2023, la parte apelante presentó *Moción en Cumplimiento de Resolución y para Someter la Transcripción de la Prueba Oral.* En respuesta, el 29 de noviembre de 2023, este Tribunal emitió una *Resolución,* en la cual acogió como estipulada la TPO presentada.

De ahí, el 26 de diciembre de 2023, la parte apelante presentó su *Alegato Suplementario*; mientras que, el 22 de enero de 2024, la parte apelada presentó *Alegato en Oposición Parte Apelada.* Con el beneficio de la comparecencia de ambas partes y la transcripción de la prueba oral, procederemos a exponer el derecho aplicable.

**II**

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[25], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere

---

[25] 32 LPRA Ap. V, R. 52.2 (a).

decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[26] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[27] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.[28]
> […]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[29] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[30] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

### B. Regla 10.2 de las Reglas de Procedimiento Civil

La Regla 10.2 de las Reglas de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[31] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado en la que solicita que se desestime la demanda presentada en su contra, aun sin necesidad de formular una alegación previa.[32]

La regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

---

[26] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE,* 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[27] *Rodríguez Mora v. García Lloréns,* 147 DPR 305, 309 (1998).
[28] 4 LPRA Ap. XXII-B, R. 13 (A).
[29] 32 LPRA Ap. V, R. 47.
[30] *Id.*
[31] 32 LPRA Ap. V, R. 10.2.
[32] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008). *Colón v. Lotería,* 167 DPR 625, 649 (2006).

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
**(5) dejar de exponer una reclamación que justifique la concesión de un remedio**;
(6) dejar de acumular una parte indispensable. [33]
(Énfasis suplido).

El tribunal interpretará las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[34] No obstante, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[35]

### C. Determinaciones de Hecho Adicionales

La Regla 43 de las Reglas de Procedimiento Civil aborda lo relativo a las enmiendas o determinaciones iniciales o adicionales.[36] A esos efectos, la Regla 43.1 de las Reglas de Procedimiento Civil lee como sigue:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, no haya presentado una moción para enmendarlas o no haya solicitado sentencia.

---

[33] 32 LPRA Ap. V, R. 10.2.
[34] *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).
[35] *González Méndez v. Acción Social et al.,* 196 DPR 213, 235 (2016).
[36] 32 LPRA Ap. V, R. 43.

La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto.[37]

## D. Solicitud de Reconsideración

Una parte adversamente afectada por una orden o una resolución del TPI podrá presentar una moción solicitando la reconsideración de la orden o la resolución, dentro del término de cumplimiento estricto de quince (15) días, contados a partir de la fecha de la notificación de la orden o resolución. Así lo dispone la Regla 47 de las Reglas de Procedimiento Civil.[38]

Al presentar una moción de reconsideración ante el TPI de manera oportuna, los términos concedidos para acudir en revisión judicial quedarán paralizados, siempre y cuando su contenido cumpla con los requisitos expuestos en la Regla 47 de las Reglas de Procedimiento Civil.[39] "[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la regla".[40] A tales efectos, expone la referida Regla 47:

> […]
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.[41]

---

[37] 32 LPRA Ap. V, R. 43.1.
[38] 32 LPRA Ap. V, R. 47.
[39] *Id. Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338 (2018). *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 167 (2016). *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 999 (2015). *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 8–9 (2014).
[40] J.A. CUEVAS SEGARRA, *TRATADO DE DERECHO PROCESAL CIVIL* 1366 (2011). *Colón Burgos v. Marrero Rodríguez, Id.*
[41] 32 LPRA Ap. V, R. 47.

En dichas instancias, los términos para recurrir en alzada al Tribunal de Apelaciones quedarán suspendidos para todas las partes.[42] El término comenzará a decursar nuevamente a partir de la fecha en que se archive en autos copia de la notificación de la resolución para resolver la moción de reconsideración.[43]

### E. Apreciación de la Prueba, Deferencia Judicial y Discreción Judicial

Como es sabido, el ejercicio discrecional de la apreciación de la prueba que ejerce el TPI y las determinaciones que realiza están revestidas de confiabilidad y merecen respeto y deferencia.[44] Por ello, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales.[45] Por su parte, un foro apelativo cuenta solamente con "récords mudos e inexpresivos", por lo que se le debe respeto a la adjudicación de credibilidad realizada por el juzgador primario de los hechos.[46] En ese sentido, y como regla general, no debemos intervenir con las determinaciones que este haya efectuado en virtud de la presunción de corrección de la que gozan.[47]

En vista de lo anterior, nuestro máximo foro ha resuelto que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo

---

[42] *Colón Burgos v. Marrero Rodríguez, supra.*
[43] *Id. Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011). *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008). *Lagares v. ELA*, 144 DPR 601, 613 (1997).
[44] *Pueblo v. Pérez Nuñez*, 208 DPR 511, 514 (2022). *Argüello v. Argüello*, 155 DPR 62, 79 (2001) citando a *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987). *Trinidad v. Chade*, 153 DPR 280, 289 (2001).
[45] *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013). *Pueblo v. Santiago*, 176 DPR 133, 148 (2009). *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000).
[46] *Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009). *Trinidad v. Chade, supra*, 291.
[47] *Pueblo v. Pérez Nuñez, supra*, 529.

justifique.[48] El Alto Foro ha determinado que un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.[49] En consecuencia, al este tribunal apelativo enfrentarse a la tarea de revisar las determinaciones del foro de instancia, no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[50]

Con relación al error manifiesto, un juzgador incurre en este cuando de un análisis de la totalidad de la evidencia, este Tribunal queda convencido de que las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida.[51] Por tanto, debe existir base suficiente en la prueba admitida que apoye la determinación del foro.[52]

De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble; de lo contrario, el tribunal apelativo deberá abstenerse de intervenir con la apreciación de la prueba hecha por el juzgador de los hechos.[53]

---

[48] *Pueblo v. Calderón Álvarez,* 140 DPR 627, 644 (1996). *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994). *Rivera Pérez v. Cruz Corchado,* 119 DPR 8, 14 (1987). S*ierra v. Tribunal Superior,* 81 DPR 554, 572 (1959).

[49] *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 782 (2013).

[50] *González Hernández v. González Hernández,* 181 DPR 746, 776 (2011). *Ramírez Ferrer v. Conagra Foods PR,* 175 DPR 799, 811 (2009). *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Pueblo v. Irizarry,* 156 DPR 780, 789 (2002). *Pueblo v. Maisonave,* 129 DPR 49, 62-63 (1991).

[51] *Dávila Nieves v. Meléndez Marín, supra,* 772.

[52] *Pueblo v. Toro Martínez,* 200 DPR 834, 859 (2018). *Pueblo v. Irizarry, supra.*

[53] *Santiago Ortiz v. Real Legacy et al., supra. Pueblo v. Arlequín Vélez,* 204 DPR 117, 148 (2020). *Pueblo v. Martínez Landrón,* 202 DPR 409, 424 (2019) citando a

A esos efectos, aunque no está exenta de la posibilidad de toda revisión, si la actuación del tribunal a *quo* no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del TPI a quien corresponde la dirección del proceso.[54] Los foros apelativos podremos intervenir con tal apreciación luego de realizar una evaluación rigurosa y que, de esta, surjan serias dudas, razonables y fundadas.[55]

Las decisiones discrecionales que toma el TPI no serán revocadas a menos que se demuestre que ese foro abusó de su discreción.[56] Un tribunal de justicia incurre en un abuso de discreción cundo el juez: (i) no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (ii) por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o, (iii) no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, los sopesa y calibra livianamente.[57]

A su vez, es una norma bien establecida de nuestro sistema de justicia que la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias.[58] No obstante, una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal revisor.[59] A esos efectos, conviene destacar que, la intervención del foro apelativo con la prueba desfilada tiene que estar basada en un

---

Pueblo v. Maisonave, supra, 63. *González Hernández v. González Hernández, supra*, 777. *Pueblo v. Viruet Camacho*, 173 DPR 563, 584 (2009). *Pueblo v. Irizarry, supra. Pueblo v. Acevedo Estrada, supra.*
[54] S*ierra v. Tribunal Superior, supra.*
[55] *Pueblo v. Pérez Núñez, supra.*
[56] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). *Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009).*
[57] *Pueblo v. Rivera Santiago, Id.*
[58] *González Hernández v. González Hernández, supra*, 776.
[59] *Rivera Pérez v. Cruz Corchado, supra.*

análisis independiente y no a base de los hechos que exponen las partes.[60]

### F. Teoría General de los Contratos

Bajo nuestro crisol doctrinario, "[l]as obligaciones nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia".[61] Dichas obligaciones contractuales tienen fuerza de ley entre las partes y deben cumplirse según lo pactado.[62] En nuestro ordenamiento jurídico, rige el principio de libertad de contratación.[63] En lo que respecta a el contrato, este existe desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio.[64] Las partes contratantes, bajo el principio de autonomía contractual, pueden establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a la ley, a la moral, ni al orden público.[65]

Por lo tanto, una vez perfeccionado un contrato con el mero consentimiento, las partes que lo suscriben están sujetas, a hacer valer el cumplimiento de lo pactado, y a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley.[66] Para que se considere que existe un contrato se requiere que concurran tres (3) requisitos: (i) consentimiento de los contratantes, (ii) un objeto cierto que sea materia del contrato, y (iii) la causa de la obligación que se establezca.[67] En lo que concierne al requisito de

---

[60] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001).

[61] 31 LPRA § 2992, Art. 1042. El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

[62] 31 LPRA § 2994, Art. 1044.

[63] *Oriental Finance v. Nieves*, 172 DPR 462, 470 (2007).

[64] 31 LPRA § 3371, Art. 1206.

[65] 31 LPRA § 3372, Art. 1207. *Oriental Finance v. Nieves, Id.*, 470-471. *Vélez v. Izquierdo*, 162 DPR 88, 98 (2004).

[66] 31 LPRA § 3375, Art. 1210. *Banco Popular de P.R. v. Sucn. Talavera*, 174 DPR 686, 693 (2008).

[67] 31 LPRA § 3391, Art. 1213.

consentimiento, este se manifiesta por el concurso de la oferta y de la aceptación sobre la cosa y la causa que han de constituir el contrato.[68] Así, pues, los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez.[69]

La intención de las partes será el criterio fundamental para fijar el alcance de las obligaciones contractuales.[70] A raíz de ello, al momento de analizar la intención de los contratantes, los tribunales deben atender, no solo los actos anteriores, coetáneos y posteriores al contrato, sino también las circunstancias indicativas de la voluntad de las partes.[71] A tales efectos, al examinar la intención contractual, resulta importante considerar quiénes son las partes, sus experiencias particulares y conocimientos especializados sobre la materia sobre la cual versa el contrato.[72] La interpretación final debe ser cónsona con el principio de la buena fe y no llevar a resultados incorrectos, absurdos e injustos para las partes.[73]

### III

En el recurso de *Apelación* ante nuestra consideración, la parte apelante nos ha solicitado la revisión de una *Sentencia* mediante la cual se desestimó la causa de acción incoada tras el Tribunal *a quo* haber juzgado que la misma no justifica la concesión de un remedio. La parte apelante nos plantea que el foro primario incidió al desestimar la *Demanda* bajo el fundamento de que la misma se encontraba prescrita. Además, esboza que el foro primario se equivocó al denegar su solicitud sobre determinaciones de hechos adicionales y la reconsideración de la *Sentencia*. Por considerar que

---

[68] 31 LPRA § 3401, Art. 1214.
[69] 31 LPRA § 3451, Art. 1230.
[70] *Marina Ind., Inc. v. Brown Boveri Corp.*, 114 DPR 64, 69 (1983).
[71] 31 LPRA § 3472, Art. 1234. *Marina Ind., Inc. v. Brown Boveri Corp., Id. Blas v. Hospital Guadalupe*, 167 DPR 439, 451 (2006).
[72] *Unysis v. Ramallo Brothers*, 128 DPR 842, 853 (1991).
[73] *Guadalupe Solis v. González Durieux*, 172 DPR 676, 684-685 (2007).

los errores señalados pueden ser discutidos de manera conjunta, obraremos como tal. Veamos.

Es claro que el recurso ante nuestra consideración versa y se fundamenta en la apreciación de la prueba ante el foro primario. Nótese que, cónsono a lo que se desprende de los autos y según fue corroborado de la TPO, las partes renunciaron a presentar prueba documental, por lo que descansaron exclusivamente en el testimonio de los testigos que fueron presentados. Por un lado, la parte apelada presentó al señor Medina Colón; mientras que, por el otro, la parte apelada presentó al señor Pedro Colón. Con esta prueba, el Tribunal *a quo* adjudicó la controversia que atendió durante la vista evidenciaria, entiéndase, si procedía o no la desestimación de la *Demanda* instada.

Como tribunal revisor, venimos llamados a disponer si el foro primario incidió al ordenar la desestimación del presente caso. Sabido es que, en materia de derecho procesal, ordenar la desestimación de un pleito constituye una actuación excepcional. Ello, no obstante, procede la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la *Demanda* carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[74] En otras palabras, y salvo que quede evidenciado que el reclamante carece de amparo legal a la luz de los hechos alegados, la causa de acción debe ser ventilada en sus méritos. Un examen de los autos revela que en la solicitud de desestimación presentada por la parte apelada se planteó que, aun si se tomara como cierto el acuerdo verbal, la acción estaba prescrita. Por otro lado, en la oposición presentada por la parte apelante se opuso al planteamiento de prescripción; además, señaló que, la solicitud de desestimación presentada

---

[74] *González Méndez v. Acción Social et al., supra.*

estaba dirigida a los méritos de la controversia. Estando el asunto controvertido, el Tribunal *a quo* dispuso dirimirlo mediante la celebración de una vista. En la vista celebrada, el foro apelado recibió la prueba que cada parte determinó presentar para que se resolviera la moción dispositiva.

Nótese que, contrario a lo expresado por la parte apelante, el TPI no dispuso la desestimación por prescripción. El foro primario, como cuestión de umbral evaluó la controversia, la cual se circunscribía a determinar si, en efecto, se perfeccionó o no el acuerdo verbal entre las partes y si éste produjo una obligación en derecho. Evaluada detenidamente la TPO, coincidimos con el TPI a los efectos de que no surge evidencia que demuestre la existencia de un acuerdo verbal que constituyera un contrato y que obligara a las partes. Además, el expediente está huérfano de documentación que sostenga el presunto perfeccionamiento de un acuerdo verbal, más allá de las meras alegaciones al efecto. Era a la parte apelante a quien le correspondía probar la existencia de un acuerdo verbal que obligara a las partes contratantes. Demás está decir, que, basado en lo anterior, se hacía hasta innecesario entrar en consideraciones sobre la defensa de prescripción.

Reiteramos que el dictamen emitido por el foro primario fue desestimar la acción presentada al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil.[75] El tribunal apelado, a base de la prueba recibida y justipreciada, razonó que no se perfeccionó un acuerdo verbal entre las partes, por tanto, no se justificaba la concesión de un remedio. Acentuamos que, para que se considere que existe un contrato se requiere que concurran tres (3) requisitos: (i) consentimiento de los contratantes, (ii) un objeto cierto que sea materia del contrato; y, (iii) la causa de la obligación que se

---

[75] 32 LPRA Ap. V, R. 10.2 (5).

establezca.[76] Por tanto, los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez.[77]

El foro de instancia le dio entera credibilidad a la parte apelada, sobre el hecho que las partes no habían llegado a un acuerdo verbal sobre la segregación del terreno. Como es sabido, de ordinario, los tribunales apelativos aceptamos como correctas las determinaciones de hechos de los tribunales de instancia, al igual que su apreciación sobre la credibilidad de los testigos y el valor probatorio de la prueba presentada en sala.[78] Respecto a la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió, esta depende en gran medida de la exposición del juez a la prueba presentada, lo cual incluye, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz.[79] Ahora bien, el Tribunal Supremo de Puerto Rico ha resuelto que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo justifique.[80] Por consiguiente, aunque no está exenta de la posibilidad de toda revisión, si la actuación del Tribunal a *quo* no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del TPI a quien corresponde la dirección del proceso.[81] Quiérase decir, las decisiones discrecionales que toma el TPI no serán revocadas a menos que se demuestre que ese foro abusó de su discreción.[82]

---

[76] 31 LPRA § 3391, Art. 1213.
[77] 31 LPRA § 3451, Art. 1230.
[78] *Dávila Nieves v. Meléndez Marín, supra,* 771.
[79] *Id.*
[80] *Pueblo v. Calderón Álvarez, supra. Coop. Seguros Múltiples de P.R. v. Lugo, supra. Rivera Pérez v. Cruz Corchado, supra.* S*ierra v. Tribunal Superior, supra.*
[81] S*ierra v. Tribunal Superior, Id.*
[82] *SLG Zapata-Rivera v. J.F. Montalvo, supra. Pueblo v. Rivera Santiago, supra.*

Por otro lado, la parte apelante nos invita a concluir que el foro apelado incidió al denegar la solicitud de determinaciones de hechos adicionales, así como la solicitud de reconsideración presentada. La Regla 42.2 de las Reglas de Procedimiento Civil dispone que:

> En todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. [...] Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. [...][83]

Tras un análisis detenido y sereno de la TPO, *vis a vis* las determinaciones de hecho emitidas por el foro primario, es nuestra apreciación que no hubo un abuso de discreción al no haber acogido la moción sobre determinaciones de hechos adicionales. Destacamos que, las determinaciones de hechos no son a base de la prueba testifical vertida en la vista, sino que hace falta que la misma sea justipreciada con el correspondiente valor probatorio merecido al Tribunal *a quo*. Por lo anterior, mucho menos, incidió el TPI al denegar la moción de reconsideración. Por lo anterior, colegimos que no existe razón para intervenir con las determinaciones de hechos emitidas por el foro primario ni tampoco con la denegatoria de la reconsideración presentada. De igual forma, no vemos razón para descartar la apreciación de prueba que realizó el foro primario, cuando determinó que la prueba desfilada no era suficiente para probar la existencia de un acuerdo verbal que diera lugar a una obligación contractual. Actuó correctamente la primera instancia judicial.

Por último, puntualizamos que, en el presente caso el juzgador de los hechos adjudicó el valor probatorio de los dos (2)

---

[83] 32 LPRA Ap. V, R. 42.2.

testimonios ofrecidos durante la vista. Nótese, además, que, los abogados de las partes tuvieron amplia oportunidad de hacer preguntas a ambos testigos. Abona a lo anterior que, en el presente caso, el juzgador de los hechos también formuló preguntas para cada testigo y al concluir el Tribunal dio oportunidad para hacer preguntas adicionales.[84] En fin, un examen del expediente en su totalidad, incluyendo la TPO, revela que los procedimientos ante el foro primario marcharon de manera adecuada y no surge que haya habido alguna desviación. A la luz de la discusión y los fundamentos en derecho que anteceden, juzgamos que los errores esbozados no fueron cometidos. Cónsono a todo lo anterior, consideramos que no existe razón alguna para intervenir con el dictamen apelado, por lo que procede confirmar el mismo.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[84] En la TPO, a las págs. 47-50 y 87-91.